NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 17, 2007[*]
Decided October 18, 2007

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

No. 07-2233

| | |
|---|---|
| CHINYERE U. NWOKE,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>COUNTRYWIDE HOME LOANS,<br>INC.,<br>    *Defendant-Appellee.* | Appeal from the United States<br>District Court for the Northern<br>District of Illinois, Eastern Division<br><br>No. 06 C 30<br><br>Charles R. Norgle, Sr.,<br>*Judge.* |

**O R D E R**

Chinyere Nwoke sued Countrywide Home Loans, Inc., claiming that it was negligent and violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692e, when it failed to credit her account with the full amount of a mortgage payment. She contends that Countrywide's error caused credit-reporting agencies to lower her credit score, and that the resulting poor score led another lender to

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

reject her mortgage application. She appeals from the district court's grant of summary judgment in favor of Countrywide. We affirm.

Although, as the district court noted, Nwoke failed to comply with the court's local rule regarding the procedure for opposing a motion for summary judgment, N.D. Ill. R. 56.1(b)(3); *Chicon v. Exelon Generation Co.*, 401 F.3d 803, 809 (7th Cir. 2005), the basic facts here are nevertheless undisputed. In July 2003 Nwoke refinanced her home mortgage with a loan from Countrywide. She has made all of her payments to Countrywide on time and has never been in default. Nwoke's problems with Countrywide began in December 2004 when she made two payments totaling $1,181.46, but Countrywide only credited $648.10 to her account. Nwoke did not learn of the error until October 2005, when Countrywide sent her a letter identifying itself as a "debt collector" and requesting payment of late fees. Nwoke called Countrywide to bring the mistake to its attention and later sent Countrywide copies of the cancelled checks. Recognizing its error, Countrywide told Nwoke to disregard the delinquency notices and sent her a check to reimburse late fees that had been charged to her account. Countrywide also submitted corrections to the credit-reporting agencies that it had earlier notified regarding Nwoke's mistaken delinquency; those agencies had already reflected the delinquency on Nwoke's credit report. By the middle of January 2006, Nwoke's credit reports had been corrected to reflect that she had never been in default.

After our de novo review, we agree with the district court that Countrywide is entitled to summary judgment. The FDCPA protects debtors from improper practices of "debt collectors"—third parties who attempt to recoup debts owed to creditors. 15 U.S.C. § 1692a(6); *see Catencamp v. Cendant Timeshare Resort Group-Consumer Fin., Inc.*, 471 F.3d 780, 781 (7th Cir. 2006). But a creditor who collects its own debt using its own name is not a "debt collector." 15 U.S.C. § 1692a(4), (6); *see Nielsen v. Dickerson*, 307 F.3d 623, 634 (7th Cir. 2002); *Aubert v. Am. Gen. Fin., Inc.*, 137 F.3d 976, 978 (7th Cir. 1998). The undisputed facts establish that Countrywide extended a loan to Nwoke, and when Countrywide believed she was in default, it contacted her directly, using its own name, to collect the debt. Thus, Countrywide is Nwoke's creditor, not a debt collector subject to the FDCPA.

Nwoke argues that Countrywide's status as a "debt collector" is in dispute because Countrywide sent her a collection letter asserting that "Countrywide is a debt collector." But this statement has nothing to do with whether Countrywide is a "debt collector" for purposes of the FDCPA. To the contrary, the undisputed facts show that, although Countrywide sometimes operates as a debt collector, it was not a debt collector here—it attempted to collect its own debt, not another creditor's debt, using its own name. So Countrywide's statement in a single letter that it is a debt collector does not raise a genuine issue of material fact as to whether it is subject to the FDCPA for attempting to collect a debt it believed Nwoke owed.

To the extent that Nwoke argues Countrywide's negligence caused a drop in her credit score that prevented her from getting another mortgage, Countrywide is entitled to summary judgment on this claim as well. As the district court observed, the Fair Credit Reporting Act (FCRA) preempts state-law negligence claims for providing inaccurate information to credit-reporting agencies. *See* 15 U.S.C. § 1681h(e); *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 638 (5th Cir. 2002); *Thornton v. Equifax, Inc.*, 619 F.2d 700, 703 (8th Cir. 1980). And to succeed on an FCRA claim, a plaintiff must establish that the defendant acted maliciously or willfully intended to injure the plaintiff. *See* 15 U.S.C. § 1681h(e); *Cushman v. Trans Union Corp.*, 115 F.3d 220, 229 (3d Cir. 1997); *Thornton*, 619 F.2d at 703. The facts established here show, at most, that Countrywide was careless when it told the credit-reporting agencies that Nwoke was in default, and Nwoke points to nothing in the record that shows Countrywide acted out of malice or with the intent to cause her harm. In fact, Countrywide promptly contacted the credit-reporting agencies as soon as it learned of its mistake.

AFFIRMED.